UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| JOHN SIMEON, ) <br> ) <br> Plaintiff, ) <br> ) <br> V. ) <br> ) <br> ) <br> KENTUCKY DEPARTMENT OF ) <br> CORRECTIONS, et al., ) <br> ) <br> Defendants. | Civil Action No. 3:14-046-GFVT <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\* \*\* \*\* \*\* \*\*

Plaintiff John Simeon, an inmate in the custody of the Kentucky Department of Corrections, is presently confined at the Kentucky State Reformatory ("KSR") in LaGrange, Kentucky.  Proceeding *pro se*, Simeon filed a complaint, pursuant to 42 U.S.C. § 1983, against defendants, Kentucky Department of Corrections ("KDOC"); Frederick Kemen, M.D. ("Dr. Kemen"), Elaine Smith, A.P.R.N. ("Nurse Smith"), Shelli Conyers-Votaw, A.P.R.N. ("Nurse Conyers-Votaw"), Carol Cornett, A.P.R.N. ("Nurse Cornett"), Denise Black, R.N. ("Nurse Black"), and CorrectCare-Integrated Health, Inc. ("CorrectCare"), asserting violations of his Eighth Amendment rights concerning the medical care and treatment he received for prostate cancer.  For the reasons stated in the Memorandum Opinion and Order ("MOO") of January 23, 2015, the Court granted the defendants' motions to dismiss plaintiff's complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a constitutional claim against them for which relief could be granted.  [R. 5; R. 6].

This matter is currently before the Court on Simeon's motion to reconsider its decision to dismiss this case.  [R. 7].  The defendants have filed responses to Simeon's motion to reconsider

1

[R. 8; R. 9], and Simeon has filed replies thereto [R. 10; R. 11].  Thus, this matter is ripe for review.

# I

Given the seriousness of Simeon's medical need, the treatment for prostate cancer, which gave rise both to this action and the previous action Simeon filed in the Western District of Kentucky[1], out of an abundance of caution, the Court grants Simeon's motion to reconsider its prior dismissal of this case.  The Court has addressed Simeon's arguments raised in his motion to reconsider and, for the reasons stated below, reaffirms its prior decision dismissing this case because Simeon has failed to establish a viable Eighth Amendment claim.

## A

Simeon states that after the First Action was dismissed on the initial screening based in part because Simeon could not pursue an Eighth Amendment claim for damages in federal court against the defendants in their official capacity due to the immunity afforded by the Eleventh Amendment of the U.S. Constitution, he elected to file the present case (the "Second Action") against these same defendants in state court.  Simeon may have concluded that while he was precluded by Eleventh Amendment immunity from suing the state, its agencies, or its employees in their official capacity for monetary damages in a federal court, he could pursue such claims against these same defendants in state court.  Based on that apparent assumption, Simeon essentially re-filed the same action in state court against the same six defendants as in the First Action, plus he named an additional defendant, Nurse Smith, in the present case, the Second Action.

---

[1] *See Simeon v. Ky. Dept. of Corrections, et. al.* (Case No. 3:13-CV-P534-S) (2013 WDKY) [R. 1 therein].  As explained in the January 23, 2015 Memorandum Opinion and Order, [R. 5], for the sake of clarity, the Court identified the Western District case as the "First Action" and the present case as the "Second Action."

If that is the case, Simeon is of the mistaken belief that he was free to pursue his Eighth Amendment claims against the defendants in their official capacity in state court and that the removal of this action from state court thwarted his efforts to seek monetary damages from these defendants in their official capacity. The Eleventh Amendment protects the defendants in their official capacity from claims for monetary damages regardless of whether a case is filed in state or federal court. Because his complaint was filed under federal statute, 42 U.S.C. § 1983, federal law is applicable and controls. Had this action not been removed from state court,[2] the state court would have been obligated to apply federal law to Simeon's federal claims. Contrary to Simeon's implication, he was not prejudiced by the removal of this case, as federal law is applicable to his federal claims. Similarly, if Simeon's complaint had asserted any state law negligence or medical malpractice claims against the defendants (which it did not), a federal court would have been obligated to apply state law to those non-constitutional, state-law claims. Thus, Simeon's venue argument is without merit.

**B**

Simeon contends that the defendants erroneously advised the Court that this action was time-barred because it was filed on June 9, 2014, more than one year after May 29, 2013, the date when Simeon knew that he had a "complete and present cause of action" against Dr. Kemen, Nurse Cornett, Nurse Black, Nurse Conyers-Votaw, and CorrectCare. [R. 3-1, Page ID#153]. Simeon submits that he took his complaint to the prison mail room and placed it in the prison mail on May 28, 2014, and that it would have left the prison the following day, May 29,

---

[2] Defendants timely removed this case, pursuant to 28 U.S.C. § 1446(b), from Franklin Circuit Court on June 17, 2014.

2014.[3]  For this reason, Simeon submits that his complaint is not time-barred.

First, the defendants are incorrect that May 29, 2013, is the date when Simeon knew that he had a "complete and present cause of action" against Dr. Kemen, Nurse Cornett, Nurse Black, Nurse Conyers-Votaw, and CorrectCare.  May 29, 2013, is the date that Simeon's Complaint in the First Action was file-stamped by the Clerk of the Court in the Western District of Kentucky. *See Simeon v. Ky. Dept. of Corrections, et. al.* (Case No. 3:13-CV-P534-S) (W.D. Ky. 2013) [R. 1, Page ID# 1 therein].  While that Complaint was file-stamped by the Clerk of the Court on May 29, 2013, the mailing envelope in which the Complaint was mailed bears a mailing date of May 24, 2013.  Per the "prison mail-box" rule recognized in in *Houston v. Lack*, 487 U.S. 266, 271-72 (1988), this complaint is deemed filed as of May 24, 2013, the date it was placed in the mail from the prison.  *See Simeon v. Ky. Dept. of Corrections, et. al.* (Case No. 3:13-CV-P534-S) (W.D. Ky. 2013) [R. 1, Page ID# 9 therein].  Thus, Simeon knew, at the latest, on May 24, 2013, the date he placed the Complaint in the First Action in the mail, that he had a "complete and present cause of action" against Dr. Kemen, Nurse Cornett, Nurse Black, Nurse Conyers-Votaw, and CorrectCare.  Therefore, the one-year statute of limitations on Simeon's claims against these defendants began to run, at the latest, on May 24, 2013.

Second, both Simeon and the defendants are incorrect as to the legal filing date of the Second Action, Simeon's complaint in Franklin Circuit Court.  Simeon's signature, verification, and Certificate of Service are all contained on the last page of that Complaint.  [R. 1-3, Page ID #30].  This page reflects that Simeon signed the Complaint and placed it in the prison mail on

---

[3] Simeon states that mail which is deposited in the prison's mail room for mailing out of the prison is held on the day that it is delivered to the prison mail room and is mailed out of the prison on the following day. [R. 7, Page ID# 245].

4

May 30, 2014.[4]  *Id.*  Again, under the "prison mail-box" rule recognized in *Houston v. Lack*, as explained above, his complaint is deemed filed as of the day it is placed in the prison mail for mailing.  Thus, Simeon's complaint was filed on May 30, 2014, six days after the statute of limitations expired on May 24, 2014.  Simeon's claim that he took the Complaint to the prison mailroom on Wednesday, May 28, 2014, is refuted by the record, which plainly shows that when completing the Certificate of Service, Simeon stated that it was mailed on May 30, 2014.  [R. 1-3, Page ID #30].  Even if Simeon's Complaint had been placed in the prison mail on May 28, 2014, as he claims, it still would have been time-barred, since the statute of limitations expired four days earlier, on May 24, 2014.  Consequently, his Complaint deemed filed on May 30, 2014, is time-barred.

C

Simeon was transferred to KSR on October 15, 2012.  Initially, Dr. Kemen was Simeon's primary care provider at KSR.  [R. 1-3, Page ID# 21].  However, Simeon states that he did not see Dr. Kemen after November 6, 2012, at which time he believes Dr. Kemen assigned Nurse Elaine Smith at KSR to be his primary care provider.  [*Id.,* Page ID# 22].  Simeon claims that Nurse Smith was deliberately indifferent to his serious medical needs.  Specifically, Simeon states:

> On, 12-31-12 I was called to medical here at KSR and talked to Elaine Smith LPN for the first time, all she did was check my vital signs.  She had never so much as checked my record to see why I was here at KSR and the deliberate indifference of Dr. Kemen never told her about the Cancer before he put me into her care.  On, February 5, 2013, I was again seen by Elaine Smith and that is

---

[4] When filing his Complaint, Simeon also moved to proceed *in forma* pauperis in Franklin Circuit Court. [R. 1-5, Page ID# 124].  The Notice contained at the end of that motion reflects that Simeon placed it in the prison mail on May 30, 2014, [R. 1-5, Page ID# 126], the same date he placed his Complaint in the mail.

>when I asked her about U of L Urologist, Dr. Ankem; she did not know anything about him.

*Id.*

Although Nurse Smith was not named as a defendant in the First Action, Simeon's claims against her in the Second Action are barred for two independent reasons: (1) the expired one-year statute of limitations, and (2) issue preclusion.

**1**

In the present action, Simeon criticizes Nurse Smith for delays in the treatment he received for prostate cancer. His criticisms of her concern events occurring before he filed the First Action. Specifically, Simeon claims that (1) Nurse Smith somehow played a role in the alleged delay of his surgery; (2) she provided inadequate care when he saw her in December 2012 and February 2013; and (3) she made an uncalled-for comment to him and lied to him about making a follow up appointment for his post-surgical care on April 30, 2013. All of these alleged events and/or conduct or acts of Nurse Smith about which Simeon complains occurred prior to May 24, 2013, the date he filed the First Action against the other six defendants and thus knew at that time that he had a "complete and present cause of action" against the other six defendants and Nurse Smith. Because the actions or conduct of Nurse Smith with which Simeon's finds fault preceded the filing of his Complaint in the First Action, Simeon knew or should have known then that he also had a "complete and present cause of action" against Nurse Smith. For reasons unknown to the Court, Simeon did not name her as a defendant in the First Action. Nevertheless, the foregoing discrete acts of Nurse Smith about which Simeon presently complains are also time-barred because they occurred prior to the one-year look-back period for

the statute of limitations. *Bruce v. Correctional Med. Services, Inc.*, 389 F. App'x 462 (6th Cir. July 21, 2010).[5]

**2**

In addition to being time-barred, Simeon's claims against Nurse Smith are also barred by the doctrine of issue preclusion. As a necessary basis for its dismissal, the Court in the First Action found that Simeon's cancer treatment before and after his surgery was not inappropriately delayed so as to constitute an Eight Amendment violation. [First Action, Memorandum Opinion & Order, R. 23, 24; First Action, Memorandum Opinion and Order, R. 12 at p. 8, therein]. The finding by the Court in the First Action that there had been no unconstitutional delay in surgery and/or post-surgery treatment would, by implication, also be a finding that there was no unconstitutional delay in surgery and/or post-surgery treatment attributable to Nurse Smith. In short, if there had been no unconstitutional delay *period*, Nurse Smith could not be liable for any unconstitutional delay because there had been no unconstitutional delay. Thus, Simeon has no viable Eighth Amendment claim against Nurse Smith.

Issue preclusion "is appropriate when [a] pro–se litigant brings repeated actions upon [the] same operative facts with slight change in legal theories or 'cast of characters-defendants.'" Randles v. Gregart, 965 F.2d 90, 93 (6th Cir. 1992) (quoting *Hazzard v. Weinberger*, 382

---

[5] In *Bruce*, the plaintiff claimed that the defendants failed to provide medical treatment for his knee and hip pain over a course of several years. The Court held that "[a]ctual acts by a [defendant] of refusing medical care represent discrete unlawful acts (beyond passive inaction) that trigger the statute of limitations." *Id.* at 467. Courts within the Sixth Circuit have adopted *Bruce's* reasoning with respect to denial of medical treatment cases. *See e.g., Bell v. Zeurcher*, 2011 WL 5191800, at *3 (E.D. Ky. Oct. 31, 2011) (statute of limitations began to run once inmate was aware of denial of his request for medical treatment); *Dearing v. Mahalma*, 2011 WL 3739029 (S.D. Ohio Aug. 24, 2011) (holding that continuing violation doctrine did not apply to deliberate indifference claim); *Buchanan v. Hamilton County Sheriff's Dept.*, 2012 WL 6761507 (S.D. Ohio Nov. 26, 2012) (health provider's act of refusing medical care is discrete unlawful act).

F.Supp. 225, 226–229 (S.D.N.Y. 1974), *aff'd* 519 F.2d 1397 (2nd Cir. 1975)). Simeon cannot simply change the "cast of characters" related to the cancer treatment story he previously told in his First Action. As a matter of law, he is precluded from arguing that there was an unconstitutional delay in his surgery (whether it was caused by Nurse Smith or the other Defendants) and from arguing that his radiation therapy treatments were unconstitutionally delayed by Nurse Smith. *See Randles*, 965 F.2d at 93.

## II

Motions for reconsideration are viewed as motions to alter or amend a judgment under Fed. R. Civ. P. 59(e). *See e.g., Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990). A Rule 59(e) motion is not to be used to rehash the merits of the case or to restate the arguments already presented. *See Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault St. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Accordingly, "[A] court may [only] alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest justice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.,* 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

Simeon contends that the removal of this action from state court was "a clear error of law" in that the defendants knew at the time of removal that the Eleventh Amendment immunity would prevent him from pursuing his claims against some of them in federal court. As previously explained herein, a defendant who is exempt from a claim for monetary damages due to the immunity afforded by Eleventh Amendment is protected by that immunity regardless of whether that defendant is sued in state court or federal court. Thus, Simeon was not prejudiced

by the removal of this action from state court. There was no "clear error of law" as the defendants were statutorily entitled to remove this action to federal court.

Simeon also submits that he has met the test for a Rule 59(e) motion with "newly discovered evidence." None of the exhibits Simeon attached to his motion to reconsider provide any further support to his claims of deliberate indifference.[6] In order for Simeon to prove that a delay in his medical treatment caused his condition to worsen, he must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001); *see also Wright v. Taylor*, 79 F. App'x 829, 831 (6th Cir. 2003) ("In order to state an Eighth Amendment claim based on an alleged delay in medical treatment, a special needs facility inmate must place verifying medical evidence in the record establishing the detrimental effect of the alleged delay." (citing *Napier*, 238 F.3d at 739)). Simeon has not met that test with any verifying medical evidence, such as an expert medical opinion that either the delay in his surgery and/or any delay surrounding his post-surgery radiation treatments, caused his condition to worsen. In the absence of such evidence, Simeon simply cannot establish a colorable Eighth Amendment claim of deliberate indifference.

The medical record evidence Simeon has provided to the Court might arguably give rise to a claim of negligence and/or medical malpractice surrounding the failure to more closely monitor Simeon's PSA test results after his PSA level rose above the normal range, the failure to detect Simeon's prostate cancer sooner rather than later during a DRE, the delays encountered with Simeon's surgery after a biopsy conclusively established the presence of prostate cancer, and the delays encountered with Simeon's post-surgery radiation treatments. However, a claim of negligence and/or medical malpractice is not synonymous with a claim of Eighth Amendment

---

[6] Likewise, the exhibits attached to Simeon's complaint were insufficient to establish a claim of deliberate indifference.

9

deliberate indifference. "[A] plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." *Comstock v. McCreary,* 273 F.3d 693, 703 (6th Cir. 2001) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, (1976); *Farmer v. Brennan*, 511 U .S. 825, 835 (1994). The two claims are completely different, like apples and oranges.

To clarify, not every claim of inadequate medical treatment amounts to an Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. at 105. Neither negligent medical care nor delay in medical care constitutes a constitutional violation without deliberate indifference resulting in substantial harm. *Acord v. Brown*, No. 93–2083, 1994 WL 679365, at *2 (6th Cir. Dec. 5, 1994) ("Accidents, mistakes, negligence and medical malpractice are not constitutional violations merely because the victim is a prisoner. Neither negligent medical care nor delay in medical care constitutes a violation of the Eighth Amendment unless there has been deliberate indifference, which results in substantial harm.") (citations omitted); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993) ("Succinctly stated, negligent medical care does not constitute a valid section 1983 claim. Further, delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm."). Furthermore, a difference of opinion between the inmate and the prison medical official(s) concerning diagnosis or treatment does not constitute a constitutional violation. *Estelle v. Gamble*, 429 U.S. at 107; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989) ("A difference of opinion does not amount to a deliberate indifference to ... medical needs."); *Shorner v. Comacho*, No 99–6717, 2000 WL 1359633, at *2 (6th Cir. Sept. 14, 2000) ("A difference of opinion regarding medical treatment ... is insufficient to state a claim under the Eighth Amendment.").

Lastly, Simeon asserts that the Court should reconsider the dismissal of this action in order to prevent manifest injustice. Simeon argues that the defendants' removal of this action from state court so that it could then be dismissed in federal court is a manifest injustice which this Court should alleviate by reversing the dismissal and remanding this case to state court so that it can proceed there. As previously stated herein, the defendants had the statutory right to remove this case from state court. Further, even if the case had not been removed, federal law, not state law, would be applicable and controlling in respect to Simeon's Eighth Amendment claims. Consequently, the removal of this action from state court was presents no manifest injustice.

### III

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Simeon's motion to reconsider the January 23, 2015 Memorandum Opinion and Order dismissing this action for failure to establish an Eighth Amendment claim [R. 7] is **GRANTED** to the extent that the Court has reconsidered the January 23, 2015 Memorandum Opinion and Order [R. 5].

2. Upon reconsideration, the Court **REAFFIRMS** the dismissal of this action for Simeon's failure to establish an Eighth Amendment claim of deliberate indifference.

This the 30th day of September, 2015.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge